UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        - v. -                  :   **INFORMATION**

BILL TSAI,                        :   19 Cr. ( )

        Defendant.               :

- - - - - - - - - - - - - - - - x

19 CRIM 675

### COUNT ONE
### (Securities Fraud)

The United States Attorney charges:

1. From at least in or about March 2019 through at least in or about April 2019, in the Southern District of New York and elsewhere, BILL TSAI, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts,

practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, on the basis of material, non-public information that TSAI obtained through his employment at a particular investment bank in New York, New York, TSAI executed profitable transactions in the securities of Electronics For Imaging, Inc. ("EFI").

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

2. As a result of committing the offense charged in Count One of this Information, BILL TSAI, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

(a) all assets in Account Number ending in 6944, held by Robinhood Markets, Inc. in the name of Bill Tsai.

2

Substitute Asset Provision

3. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)

*[signature]*
GEOFFREY S. BERMAN
United States Attorney

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

- v. -

**BILL TSAI,**

**Defendant.**

**INFORMATION**

19 Cr. __ ( )

(15 U.S.C. §§ 78j(b) & 78ff, 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2.)

GEOFFREY S. BERMAN
United States Attorney.

4